## CIRCUIT COURT OF THE CITY OF ROANOKE

Commonwealth of Virginia

v.

Chester Ralph Turner

August 9, 1989

Case No. CR89-769

By JUDGE CLIFFORD R. WECKSTEIN

On January 24, 1989, a magistrate issued a search warrant for property located at 2613 Huntington Boulevard, N.W., in the City of Roanoke, and for a described occupant of the dwelling. The parties agree that this is the defendant's residence, and that the defendant is the person described. This search warrant was executed on February 7, 1989. The defendant now moves to suppress the evidence seized in the search of this dwelling, because, he alleges, the Commonwealth failed to follow the "forthwith" execution commandment of the search warrant and of Virginia Code Section 19.2-56.[1]

Virginia Code § 19.2-56, concerning search warrants, provides, in pertinent part, that, "The warrant shall command that the place be forthwith searched . . . ." The warrant issued in this case contained such a command.

This Court is of the opinion that the term "forthwith", means the same thing in Code § 19.2-56 that it does in

---

[1] The defendant further had moved to suppress evidence of a search of the defendant's person and car, also conducted on February 7, 1989. At the evidentiary hearing held in this case on August 2, 1989, both parties agreed that these motions are moot, due to the fact that the Commonwealth will not seek to introduce, as a part of its case-in-chief, evidence obtained from the search of the defendant's person or vehicle.

Code § 19.2-82, which requires that a "person arrested without a warrant shall be brought forthwith before a magistrate . . . ." That is, the statutory mandate for "forthwith" execution is that the search warrant must be executed "with such reasonable promptness and dispatch as the circumstances may permit." The officer must execute the warrant "with reasonable promptness and without unnecessary delay." *Winston v. Commonwealth*, 188 Va. 386, 394, 49 S.E.2d 611 (1948). *See Sands & Co. v. Norvell*, 126 Va. 384, 400, 101 S.E. 569 (1919).

Under the facts of this case, as presented at an evidentiary hearing held on August 2, 1989, the Court finds, as a matter of fact, that the police officers who executed this search warrant did so with such reasonable promptness and dispatch as the circumstances permitted; that they did so without unnecessary delay.

The testimony demonstrates that the affiant, a Roanoke City Police Sergeant went with other officers to the described residence shortly after the search warrant was issued, for the purpose of executing the warrant. They determined that no one was at home. The testimony of this officer, Sergeant D. F. Ragland, and another officer, Detective M. A. Lee, satisfies the Court that the Roanoke City Police Department has a policy of not executing search warrants for occupied residences when no one is at home; that this policy is rationally based; that this policy does not offend any constitutional, statutory, or common law provision; and that this policy was followed in the case at bar. On several occasions before the execution of the search warrant, police officers checked the described premises, and found that it continued to appear empty. Finally, on February 7, 1989, Sergeant Ragland was advised that the defendant would be found at the described premises. He instructed Detective Lee to execute the warrant, and the warrant was executed in short order. Under these circumstances, the warrant was "forthwith" executed.

The defendant advances a number of policy arguments for prompt execution of search warrants; he asserts that police officers should not be free to choose when to execute search warrants. While these arguments may be sound in the abstract, they are inapposite to the concrete facts of this case. Here, the Court finds that there was a

common-sense and objectively reasonable basis for the delay between issuance and execution of the search warrant. *Cf. Kanekoa v. Honolulu*, No. 87-2636 (9th Cir., June 29, 1989).

On the basis that the warrant was, in fact and law, "forthwith" executed, the defendant's suppression motion would be denied. There is, however, an additional reason for denying the motion.

I again apply the same rules of law to the "forthwith" requirement for the execution of a search warrant that apply to the "forthwith" requirement for bringing a person arrested before a committing magistrate. As the Virginia Supreme Court said in *Horne v. Commonwealth*, 230 Va. 512, 518-19, 339 S.E.2d 186 (1986):

> In the federal system, such a violation [of the defendant's right to be taken before a magistrate without unnecessary delay] would result in the exclusion of the evidence derived during the period of unlawful detention. But that is not a rule of constitutional origin, it is a rule based on the Supreme Court's administrative power over the Federal Courts. *McNabb v. United States*, 318 U.S. 332 (1943).
>
> In Virginia, we have declined to follow such a rule. *Campbell v. Commonwealth*, 194 Va. 825, 75 S.E.2d 468 (1953). In the Commonwealth, not every violation of the requirement that a suspect be taken before a magistrate without unnecessary delay results in the exclusion of evidence. Only in a situation where the delay in taking a suspect before a magistrate resulted in the loss of exculpatory evidence have we concluded that the defendant's due process rights were violated and reversed his conviction. *Winston v. Commonwealth*, 188 Va. 386, 49 S.E.2d 611 (1948). In all other cases, though we have acknowledged violation of the statute, we found no deprivation of the defendant's constitutional rights. *Holt v. City of Richmond*, 204 Va. 364, 131 S.E.2d 394 (1963), *cert. denied*, 376 U.S. 917 (1964); *Campbell v. Commonwealth*, 194 Va. 825, 75 S.E.2d 468

(1953); *McHone v. Commonwealth*, 190 Va. 435, 57 S.E.2d 109 (1950).

*Accord*, *Frye v. Commonwealth*, 231 Va. 370, 376, 345 S.E.2d 267 (1986): violation of the requirement to bring an accused before a judicial officer with reasonable promptness and without unreasonable delay "reaches constitutional dimension only if it results in the defendant's loss of exculpatory evidence. [Citations omitted.] Failure promptly to present a defendant as required by Code § 19.2-82 is a mere procedural violation where it involves no constitutional error."

In *Horne*, the Supreme Court said this:

> In *Winston*, delay in going before a magistrate resulted in the loss of evidence which the defendant could have used to defend himself against the crime for which he was arrested. Here there was no claim of lost evidence of any kind. Nor does Horne otherwise explain how he was prejudiced by the delay in taking him before a magistrate. He merely suggests that because he was not taken before a magistrate the probable cause to hold him for the crimes stated in the warrants somehow evaporated. When the proposition is thus stated, its inherent weakness become apparent.

The situation is precisely the same in the instant case. Although the defendant has attempted, in his memorandum of law, to draw a parallel between this case and those cases in which "staleness" of probable cause to issue a search warrant was raised, there is nothing whatsoever in the evidence presented which demonstrates that the rationale for execution of a properly issued search warrant "somehow evaporated" during the period when the police found no one in the residence, nor does Mr. Turner otherwise demonstrate by evidence how he was prejudiced by the delay in executing the search warrant. Thus, even if this Court were to find that the Roanoke City Police Department failed to comply with the "forthwith" mandate of the warrant -- which the Court has not found -- there would be a mere procedural violation, without showing of prejudice, and the motion to suppress would still be denied.

For the foregoing reasons, an order will enter, denying the defendant's suppression motion, and preserving his objections, for the reasons stated.